UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA            KENNEDY,
individually,

          Plaintiff,

v.                            Case No: 2:16-cv-96-FtM-29CM

KATLOU, LLC,

          Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for
Summary Judgment (Doc. #12) filed on June 8, 2016.  Defendant
filed a Response (Doc. #15) on June 22, 2016.  For the reasons set
forth below, the Court denies the motion without prejudice.

I.

Plaintiff filed a Complaint (Doc. #1) on February 3, 2016 for
injunctive relief pursuant to Title III of the Americans with
Disabilities Act, 42 U.S.C. §§ 12181-12189.  Defendant filed an
Answer (Doc. #9) on March 1, 2016, denying plaintiff's allegations
and asserting several affirmative defenses.  On June 8, 2016,
plaintiff filed a Motion for Summary Judgment (Doc. #12), to which
defendant filed a Response (Doc. #15) on June 22, 2016.  In its
Response, defendant asserts that plaintiff's motion should be
denied because: 1) it is premature as the parties have not had
sufficient time to conduct discovery; 2) it is not supported by

admissible evidence; and 3) it does not sufficiently establish the standard that applies to the subject property. (Id.) The Court agrees with defendant that plaintiff's motion is premature and need not reach the merits of the subsequent arguments.

II.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A party asserting that a fact cannot be genuinely disputed must support the assertion with materials in the record, including depositions, documents, affidavits, interrogatory answers, or other materials. Fed. R. Civ. P. 56 (c)(1)(A).

Rule 56(d) expressly provides that the Court may deny a motion for summary judgment if a non-movant shows by affidavit that "it cannot present essential facts to justify its opposition." Fed. R. Civ. P. 56(d). However, the Eleventh Circuit has held that the filing of an affidavit is not required to invoke the protection of the rule. Snook v. Tr. Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 871 (11th Cir. 1988). The party opposing the motion for summary judgment bears the burden of alerting the Court to any outstanding discovery, but a written representation by the party's lawyer still falls within the spirit of the rule, and "[f]orm is not to be exalted over fair procedures." Id. (citation omitted).

- 2 -

Rule 56 requires adequate time for discovery prior to entry of summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Entry of summary judgment before the nonmoving party has had time to conduct discovery constitutes reversible error. See WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988). A party has the right to challenge the factual evidence presented by the moving party by conducting sufficient discovery so as to determine if it may furnish opposing affidavits. Snook, 859 F.2d at 870. Ruling on the merits of a case in which a motion for summary judgment has been prematurely filed would frustrate the non-movant's right to factually investigate. Blumel v. Mylander, 919 F. Supp. 423, 429 (M.D. Fla. 1996).

III.

Plaintiff's motion is premature as the parties have not had adequate time to exchange discovery. Plaintiff filed her Complaint (Doc. #1) on February 3, 2016, defendant was served (Doc. #8) on February 9, 2016, and defendant filed an Answer (Doc. #9) on March 1, 2016. A few months later, on June 9, 2016, plaintiff filed her Motion for Summary Judgment. (Doc. #12.) At that time, the parties had not yet submitted a Case Management Report (Doc. #15, p. 1), and it was not until recently, on August 22, 2016, that a Case Management Report was filed (Doc. #16). In addition, at the time the summary judgment motion was filed, discovery was in its very early stages and there were outstanding discovery

requests, to which responses were not even due yet. (Doc. #15, p. 2.) If the Court were to rule on the merits of plaintiff's summary judgment motion, such ruling would frustrate defendant's right to factually investigate and rebut the claims. Rule 56 explicitly affords the non-moving party the opportunity to conduct discovery and refute the allegations.

For these reasons, the Court finds plaintiff's Motion for Summary Judgment (Doc. #12) premature. As such, the Court hereby denies plaintiff's Motion for Summary Judgment without prejudice to the re-filing after the parties have had sufficient opportunity to engage in discovery.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. #12) is **DENIED without prejudice.**

**DONE and ORDERED** at Fort Myers, Florida, this __24th__ day of August, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record